UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NESTOR ALONZO HERNANDEZ-GONZALEZ,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>PAMELA BONDI, *et al.*,<br><br>　　　　　　　Respondents. | CASE NO. 2:25-cv-00351-TMC-GJL<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: June 13, 2025 |

Petitioner Nestor Alonzo Hernandez-Gonzalez initiated this 28 U.S.C. § 2241 immigration habeas action on February 25, 2025, to obtain his release from immigration detention. Dkt. 1. Petitioner is proceeding with counsel. *See* Dkt. 8. The Government has subsequently filed a Notice of Change in Custody Status informing the Court of Petitioner's April 4, 2025, removal from the United States along with a corresponding Motion to Dismiss for Mootness. Dkt. 11. Because this action no longer involves a live controversy for adjudication, the undersigned recommends the Motion to Dismiss (Dkt. 11) be **GRANTED** and the Petition (Dkt. 1) be **DISMISSED without prejudice**.

Under Article III of the United States Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "For a habeas petition to continue to present a live controversy after the petitioner's release or

deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Here, Petitioner sought only his release from detention, so his claims have been fully resolved. *See* Dkts. 1, 11. Accordingly, there is no collateral consequence remaining to be redressed by the Court and the Petition should be dismissed as moot. *See id.*

Accordingly, the undersigned recommends that the Government's Motion to Dismiss (Dkt. 11) be **GRANTED** and this action be **DISMISSED without prejudice**. No certificate of appealability shall issue.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on June 13, 2025, as noted in the caption.

Dated this 29th day of May, 2025.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2